**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4514**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS LAMONT GRAVES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00196-TDS-1)

Submitted:  May 29, 2020                    Decided:  August 21, 2020

Before WILKINSON, NIEMEYER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Lamont Graves appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking Graves' supervised release term. Although advised of his right to do so, Graves has not filed a pro se supplemental brief. The Government declined to file a brief. We affirm.

We review a district court's decision to revoke supervised release for an abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2018). Graves was charged with six violations. He admitted three violations but denied the remaining three violations for engaging in new criminal conduct. These violations were based on felony possession of cocaine and felony possession of cocaine with intent to sell and distribute it. We have reviewed the record and conclude that the district court did not abuse its discretion when it determined that the Government established, by a preponderance of the evidence, that Graves engaged in new criminal conduct. *See United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (recognizing that "[w]e particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Graves in writing, of the right to petition the Supreme Court of the United States for further review. If Graves requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Graves.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*